IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DONALD JACKSON,

        Plaintiff,

v.

CO YEAGER, et al.,

        Defendants.

Case No. 2:18-cv-00816-MO

ORDER

MOSMAN, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Preliminary Injunction (#17) and his Emergency Request for Judicial Intervention (#22). In his Motion for Preliminary Injunction, Plaintiff claims that Oregon Department of Corrections ("ODOC") staff members are forcing him to engage in altercations with other inmates. He asks the Court to order his transfer from the Two Rivers Correctional Institution to the Oregon State Correctional Institution.

1 - ORDER

In his request seeking emergency judicial intervention, Plaintiff claims that he has been the victim of a retaliatory cell search and asks the Court to intervene on that issue.

## STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

///

///

2 - ORDER

**DISCUSSION**

Plaintiff filed this case alleging that he was attacked by fellow inmate Wilkerson in a physical altercation on April 21, 2017. In his Complaint, he complains that prison officials disciplined him as a result of the altercation involving Wilkerson. In his request for preliminary injunctive relief, however, Plaintiff focuses on Eighth Amendment failure to protect issues that are not at issue in the Complaint, and pertain to inmates not mentioned in the operative pleading. In this regard, Plaintiff cannot demonstrate a likelihood of success on the merits of claims that are not currently before the Court.

Similarly, Plaintiff's claim of a retaliatory cell search in his Emergency Request for Judicial Relief is not at issue in his Complaint and involves a correctional officer who is not a party to this action. As a result, he has no likelihood of success on the merits of such a claim. For these reasons alone, preliminary injunctive relief is not appropriate. *See LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (requiring at least some chance of success on the merits to justify a preliminary injunction).

3 - ORDER

In addition, although Plaintiff claims to face irreparable injury because ODOC staff members have set him up for physical confrontations with inmates whom they know he has preexisting conflicts, the record in this case does not support this contention. ODOC maintains an information system to identify and monitor inmates who pose a threat to each other. Declaration of Lance Albert, p. 5. Both staff and inmates can report conflicts so as to achieve a comprehensive database, and names are not shared among inmates. *Id.* None of the inmates with whom he claims to have preexisting conflicts known to ODOC staff appear in the Offender Management System. *Id.* In this respect, where staff are not aware of the conflicts Plaintiff purports to have, it is difficult to see how staff are purposely placing Plaintiff in proximity to inmates with whom he has active conflicts. For the same reason, Plaintiff cannot establish a likelihood of irreparable injury.

Finally, Plaintiff's requests for preliminary injunctive relief seek to change the relative positions of the parties, not preserve them. This is especially true where the relief he seeks and the individuals he identifies are generally dissimilar from those at issue in his Complaint. Accordingly, Plaintiff's request for preliminary injunctive relief is particularly

4 - ORDER

disfavored. *Marlyn Nutraceuticals, Inc v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). For all of these reasons, Plaintiff's requests for preliminary injunctive relief are denied.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#17) and Emergency Request for Judicial Intervention (#22) are denied.

IT IS SO ORDERED.

DATED this 27 day of November, 2018.

Michael W. Mosman
United States District Judge

5 - ORDER